UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AHBINESH RAY,

            Plaintiff,

    v.

WALMART INC., a Delaware corporation,

            Defendant.

Case No. 3:23-cv-01308-AR

**FINDINGS AND RECOMMENDATION**

___

**ARMISTEAD, United States Magistrate Judge**

      Plaintiff Ahbinesh Ray brings this action against defendant Walmart Inc. Plaintiff alleges two claims—intentional infliction of emotional distress (IIED) and discrimination under 42 U.S.C. §2000a. Walmart now moves for summary judgment under Federal Rule of Civil Procedure Rule 56 on both claims. As explained below, Walmart's motion should be granted.[1]

---

[1] Walmart alternatively asserts that the case should be dismissed under Rule 41(b) for lack of prosecution. Because the court finds summary judgment appropriate under Rule 56, the court declines to address Walmart's alternative argument.

Page 1 – FINDINGS AND RECOMMENDATION
*Ray v. Walmart, Case No. 3:23-cv-01308-AR*

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On February 25, 2022, Ray went to Walmart with his son and bought a tire repair kit and several food items. Ray's son inadvertently left the purchased items in the store, and Ray returned about 15 minutes later to retrieve them. Ray sought permission from a store employee to retrieve his items and was referred to a store manager, who was busy at the time. Ray purchased a second tire repair kit and encountered the manager while he was leaving the store. The manager recognized Ray from a prior incident Ray had with store personnel and said, "Oh, it's you the drama person." The manager then said that Ray looked like a terrorist, "apparently" because of his baseball cap, hooded sweatshirt, and face mask. Ray politely asked the manager for permission to take his previously purchased items; the manager told him to leave the store without them. When Ray refused to leave without his purchased items, the manager called security. The security guard, who was wearing a holstered gun, grabbed Ray's right arm, twisted it behind his back, and physically forced him out of the store without a refund. Subsequently, Ray was given a notice of exclusion from the store. Ray asserts that he was intentionally insulted and humiliated because Walmart's manager told Ray he looked like a terrorist; refused to allow him to retrieve his purchased items or issue a refund; physically evicted him from the store with a visibly armed security guard; called the police; and issued a notice of exclusion without justification. (Am. Compl., ECF No. 11.) On August 7, 2023, Ray filed this action in Multnomah

---

[2] The facts are taken from Ray's amended complaint and are expressed in the light most favorable to him as the nonmoving party.

Page 2 – FINDINGS AND RECOMMENDATION
*Ray v. Walmart, Case No. 3:23-cv-01308-AR*

Count Circuity Court alleging two claims: (1) IIED and (2) discrimination under 42 U.S.C. § 2000a.

After removing Ray's lawsuit, Walmart moved to dismiss the IIED claim under Federal Rule of Civil Procedure 12(b)(6). (Def.'s Mot. for Summ. J. at 2, ECF No. 6.) Ray responded by filing an amended complaint, and, again, Walmart moved to dismiss. In an Opinion and Order adopting this court's Finding and Recommendation as modified, District Judge Adrienne Nelson dismissed Ray's IIED claim without prejudice. (Op. & Order, ECF No. 29.) The court gave Ray until July 30, 2024, to file a second amended complaint that corrected the deficiencies in his IIED claim. (*Id.*) To date, Ray has not filed a second amended complaint nor sought an extension of time to do so.

On December 13, 2024, Walmart moved for summary judgment on the IIED and discrimination claims. In his response to the motion, Ray conceded the discrimination claim. (Pl. Resp. to Mot. for Summ. J. at 1, ECF No. 36.)

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). On a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. *Curley v. City of North Las Vegas*, 772 F.3d 629, 631 (9th Cir. 2014). When the moving party shows that no issue of material fact exists, the non-moving party must go beyond the pleadings and identify facts which do show a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Thus, at the summary judgment stage, a defendant may prevail simply

by pointing to a lack of evidence in the record which supports the plaintiff's claims, shifting the burden to the non-moving party to establish a genuine issue of material fact. *Id.* at 323, 325. Accordingly, "[w]here the record has taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

A.    *IIED Claim*

As Walmart argues, Ray's IIED claim was dismissed because, as then pleaded, it failed to state a viable claim. (Op. & Order at 3-7.) Ray has not filed an amended pleading curing those deficiencies and therefore has failed to allege facts establishing essential elements of his IIED claim on which he will bear the burden at trial. FED. R. CIV. P. 56(c). Nor has Ray responded to Walmart's motion for summary judgment on the IIED claim. The court does not have a legally viable IIED claim from Ray. Accordingly, Walmart's motion for summary judgment on the IIED claim should be granted because there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322-23 (holding under Rule 56(c) that moving party entitled to judgment as a matter of law where there is "a complete failure of proof concerning essential element of the nonmoving party's case necessarily renders all other facts immaterial").

\\\\\

\\\\\

\\\\\

B.   *Discrimination Claim*

Because Ray "concedes the motion for summary judgment" on his discrimination claim, (Pl. Resp. to Mot. for Summ. J. at 1), Walmart's summary judgment motion on this basis should be granted.

## CONCLUSION

For the above reasons, defendant's motion for summary judgment (ECF No. 31.) should be GRANTED.[3]

## SCHEDULING ORDER

The Findings and Recommendation will be referred to District Judge Nelson. Objections, if any, are due within 14 days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within 14 days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED: March 6, 2025.

_____
JEFF ARMISTEAD
United States Magistrate Judge

---

[3] Although Ray noted that he may seek leave to amend his complaint to add a discrimination claim based on national origin, to date, no such motion has been filed.